| | |
|---|---|
| 1 | Prober & Raphael, A Law Corporation |
| 2 | Dean Prober, Esquire, #106207 |
|   | Lee S. Raphael, Esquire, #180030 |
| 3 | Cassandra J. Richey, Esquire #155721 |
|   | David F. Makkabi, Esquire #249825 |
| 4 | P.O. Box 4365 |
|   | Woodland Hills, CA 91365-4365 |
| 5 | (818) 227-0100 |
|   | F.040-1309 |
| 6 | Attorneys for Secured Creditor U.S. Bank, N.A. |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | ) | Bk. No. 09-71056 |
|---|---|---|
|  | ) |  |
| GEORGE WOO, | ) | CHAPTER 7 |
|  | ) |  |
| Debtor. | ) | R.S. No. DRP – 726 |
| _____ | ) |  |
|  | ) | MOTION FOR RELIEF FROM |
|  | ) | <u>AUTOMATIC STAY</u> |
|  | ) |  |
|  | ) | Hearing- |
|  | ) | Date : April 7, 2010 |
|  | ) | Time : 10:30 a.m. |
|  | ) | Place : U.S. Bankruptcy Court |
|  | ) |     1300 Clay Street, 2nd Floor |
| _____ | ) |     Oakland, CA |
|  | ) |     Courtroom 220 |

     U.S. Bank, N.A., a holder in due course, its assignees and/or successors, move the Court for relief from the Automatic Stay provided by 11 U.S.C. §362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. §362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtor's property.

     Movant seeks relief pursuant to 11 U.S.C. §362(d)(1) for "cause" due to the failure of Debtor to make required payments and pursuant to 11 U.S.C. §362(d)(2) and alleges that, in accordance with the information set forth in the attached Declaration, there is no equity present in

-1-

the subject real property to justify the continuance of the Automatic Stay. See Stewart v. Gurley 745 F 2d 1194 (9th Cir. 1984).

Movant is informed and believes that Debtor has claimed an exemption with regard to the subject Property. Based upon this information and Movant's knowledge regarding the outstanding liens against the subject Property, Movant asserts that there is no equity available in the subject Property for the benefit of the estate.

In addition, and in the event that this Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§361 and 362, including a requirement that Debtor reinstates all past arrearages and immediately commence regular monthly payments.

Movant alleges that the commercially reasonable value of the subject Property is approximately $240,000.00, as evidenced by Broker's Price Opinion, a copy of which is attached hereto and made a part hereof.

Movant also seeks an Order terminating and vacating the Automatic Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

Furthermore, Movant seeks attorneys' fees and costs incurred in bringing this Motion. Movant requests such fees pursuant to the Contract securing Movant's claim or pursuant to 11 U.S.C. §506(b). Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note, pursuant to Travelers Casualty v. Pacific Gas and Electric Co., 549 U.S. _____ (2007), and as allowed under applicable non-bankruptcy law.

In addition, Movant requests such further relief as is just.

This Movant also seeks an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

This Motion shall be based on these moving papers, as well as the attached Declaration.

Responsive pleadings, points and authorities and declarations are not required, but may be filed, pursuant to Bankruptcy Local Rule 4001(f).

In the event neither Debtor, the Debtor's Counsel or the Trustee appears at a hearing on this motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtor's property located at **6128 Oakgreen Circle, Carmichael, California** and obtain possession of such property without further hearing.

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For attorneys' fees and costs for suit incurred herein.

4.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

5.) For such other relief as this Court deems appropriate.

PROBER & RAPHAEL
A LAW CORPORATION

DATED: March 1, 2010   By /s/ Dean R. Prober Esquire
    DEAN R. PROBER, ESQUIRE, #106207
Attorney for Secured Creditor